IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARBA L. FELIX | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1802-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Arba L. Felix, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner is serving a 20-year sentence for a murder committed on or about March 13, 1997. When petitioner became eligible for parole in 2007, the parole board denied him early release and scheduled his next review for January 2009. Petitioner challenged that decision in an application for state post-conviction relief. The application was denied without written order. *Ex parte Felix*, WR-68,032-01 (Tex. Crim. App. Oct. 3, 2007). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that the parole board violated the *ex post facto* clause of the United States Constitution by denying him early release based on the retroactive application of a Texas statute and administrative guidelines that were not in effect at the time the underlying offense was committed.

A.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (no constitutional right to early release on parole). However, a state may not apply the parole laws retroactively. *See Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). In the parole context, a change in the law violates the *ex post facto* clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460 at *1 (S.D. Tex. Aug. 24, 2005), *citing California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n.3, 115 S.Ct. 1597, 1602 n.3, 131 L.Ed.2d 588 (1995).

B.

Petitioner's *ex post facto* claim is based on his belief that the parole board retroactively applied Chapter 508 of the Texas Government Code, which became effective September 1, 1997, and new administrative guidelines, which became effective January 18, 2001, to deny him early release. (*See* Hab. Pet. at 8). According to petitioner, the board should have applied the "old parole law," Article 42.18 of the Texas Code of Criminal Procedure, which was in effect when the underlying offense was committed. (*Id.*). The court initially observes that petitioner does not specify which of the more than 20 subsections of Chapter 508 are relevant to his claim. Nor does he identify the administrative guidelines at issue. More importantly, petitioner does not explain how the retroactive application of these laws affected the outcome of his review hearing. Mere conclusory assertions, such as these, are insufficient to merit habeas relief. *See Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir.), *cert denied*, 117 S.Ct. 212 (1996), *quoting Ross v. Estelle*, 694 F.2d 1008,

1011-12 (5th Cir. 1983) ("[A] court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition[.]").[1]

C.

Even if the court considers petitioner's *ex post facto* claim on the merits, habeas relief is not proper. Under Texas law, the decision to grant or deny parole is committed to the sound discretion of the parole board. *See Ex parte Palomo*, 759 S.W.2d 671, 672 (Tex. Crim. App. 1988). Administrative guidelines that provide a framework for the exercise of that discretion do not implicate the protections of the *ex post facto* clause because they "neither deprive [the] applicant of any pre-existing right nor enhance the punishment imposed." *Wallace v. Quarterman*, ___ F.3d ___, 2008 WL 274388 at *3 (5th Cir. Feb. 1, 2008), *quoting Portley v. Grossman*, 444 U.S. 1311, 1312-13, 100 S.Ct. 714, 715, 62 L.Ed.2d 723 (1980); *see also Simpson v. Ortiz*, 995 F.2d 606, 610 (5th Cir.), *cert. denied*, 114 S.Ct. 486 (1993), *quoting Sheary v. United States Parole Comm'n*, 822 F.2d 556, 558 (5th Cir. 1987) ("[N]o Court of Appeals has held that the parole guidelines are laws, and thus can violate the ex post facto clause."). Although the retroactive application of a state statute may, under certain circumstances, give rise to an *ex post facto* clause violation, there must be some evidence that the law subjects the prisoner to a "significant risk of increased confinement." *Wallace*, 2008 WL 274388 at *4, *citing Garner v. Jones*, 529 U.S. 244, 255, 120 S.Ct. 1362, 1370, 146 L.Ed.2d 236 (2000); *see also Morales*, 115 S.Ct. at 1602 n.3 (relevant factor in *ex post facto* inquiry is not whether a legislative change produces some ambiguous sort of disadvantage for the prisoner or affects the prisoner's ability to take advantage of early release, but whether any such change alters

---

[1] Petitioner alleges that he is unable to compare the new parole statute, Chapter 508 of the Texas Government Code, with the old parole law, Article 42.18 of the Texas Code of Criminal Procedure, because the old law is not in the prison law library. Even if petitioner is unable to make this comparison, he should at least be able to specify which part of Chapter 508 is applicable to his claim and explain how the new statute affected the outcome of his review hearing.

the definition of criminal conduct or increases the penalty by which a crime is punishable). Not only has petitioner failed to meet this burden, but he does not even cite to the specific statute that allegedly was applied retroactively by the parole board. This ground for relief is without merit and should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE